### UNITED STATES DISTRICT COURT
### DISTRICT OF MINNESOTA

| | |
|---|---|
| Howard Jackson, | Civ. No. 19-1987 (JNE/BRT) |
| Plaintiff, | |
| v. | |
| Ace Cash Express; Jay B. Shipowitz, C.E.O. of Cash Express; Susan S. Pressler; Deputy Kevin M. Murphy; and F.D.I.C., | **REPORT AND RECOMMENDATION** |
| Defendants. | |

Plaintiff Howard Jackson did not pay the filing fee for this action, instead applying for *in forma pauperis* ("IFP") status. (*See* Doc. No. 2.) That IFP application is now before the Court and must be reviewed before any other action may be taken in this matter.

After review, this Court concludes that Jackson qualifies financially for IFP status. That said, an action or any portion of an action may be dismissed when an IFP applicant has filed a complaint that in whole or in part fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the

factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Jackson alleges that an employee of Defendant Ace Cash Express ("ACE"), identified as L.B.C. in the Complaint, used the company's customer information to look up his personal information and send him text messages. (*See* Doc. No. 1, Compl. at 4.) Over the course of those text messages, the employee referred to Jackson as "gay" – a statement that Jackson regards as defamatory. (*Id.*) Jackson seeks relief under both state and federal law for these actions.

Jackson, however, is not seeking relief in this lawsuit from L.B.C., the person alleged to have committed the misconduct. Instead, Jackson seeks relief from ACE, the CEO and CFO of ACE (Defendants Jay B. Shipowitz and Susan S. Pressler), the Federal Deposit Insurance Corporation ("FDIC"), and Defendant Kevin M. Murphy. The relationship of the final two Defendants to the events at issue in this matter is entirely unclear from the pleading. Neither the FDIC nor Murphy are mentioned outside of their

listing as Defendants. There is no plausible basis upon which to find either of these Defendants violated the law.

By contrast, there is at least a *theoretical* connection between ACE, Shipowitz, Pressler, and the events at issue in this litigation – ACE was the entity that employed L.B.C. (and it was ACE's employee database whose use was allegedly infringed), while Shipowitz and Pressler are high-ranking officials at ACE. Nevertheless, Jackson has failed to raise a plausible claim for relief against those Defendants.

To begin, Jackson contends that subject-matter jurisdiction over this action may be predicated on the parties' diversity of citizenship, *see* 28 U.S.C. § 1332(a), but (1) Jackson also alleges that both he and Murphy are citizens of Minnesota (*see* Compl. at 3); (2) no allegations regarding the citizenship of ACE and Pressler are included in the Complaint; and (3) "the F.D.I.C. is chartered by the federal government and has citizenship in no particular state for diversity of citizenship purposes. Thus no diversity of citizenship can exist." *Federal Deposit Insurance Corp. v. National Surety Corp.*, 345 F. Supp. 885, 887 (S.D. Iowa 1972). This Court therefore lacks original jurisdiction over any state-law causes of action.[1]

Subject-matter jurisdiction over federal-law causes of action, by contrast, is supplied by 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of

---

[1] Moreover, the Eighth Circuit has instructed district courts to not exercise supplemental jurisdiction over state-law claims where, as will be recommended here, all federal claims are dismissed prior to trial. *See Hervey v. County of Koochiching*, 527 F.3d 711, 726–27 (8th Cir. 2008).

the United States." But Jackson has not plausibly alleged that the named Defendants have violated any federal law. Jackson lists the "civil rights act," the "A.D.A. act," and the "protected privacy act" as potential avenues for relief (Compl. at 3), but—even leaving aside the fact that ACE, Shipowitz, and Pressler were not directly involved in the events at issue—none of these statutes cover the alleged misconduct committed by L.B.C. None of the Defendants (except perhaps Murphy, whose relation to events at issue in this action is unclear) are state actors within the meaning of 42 U.S.C. § 1983 and thus cannot be held liable under that statute. *See Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001) ("Only state actors can be held liable under Section 1983."). Jackson does not allege how the alleged misconduct of L.B.C. constitutes disability discrimination within the context of the Americans With Disabilities Act (or, for that matter, allege that he is disabled at all). And the private right of civil action created by the Privacy Act of 1974, 5 U.S.C. § 552a, "is specifically limited to actions against agencies of the United States Government." *Unt v. Aerospace Corp.*, 765 F.2d 1440, 1447 (9th Cir. 1985). Each of these claims fails as a matter of law.[2]

---

[2]   As a pro se litigant, Jackson is entitled to a liberal interpretation of his Complaint. This Court has therefore considered the applicability of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, which (among other things) provides a civil private right of action against individuals who unlawfully obtain information from a protected computer. But even assuming, for sake of this Report and Recommendation, that Jackson has adequately alleged that L.B.C violated the CFAA, "neither the language nor the purpose of the CFAA" are consistent with holding employers liable under that statute on a respondeat superior theory. *Doe v. Dartmouth-Hitchcock Medical Center*, No. CIV. 00-100-M, 2001 WL 873063, at *6 (D.N.H. July 19, 2001).

Because the Court lacks jurisdiction over any state-law claims pleaded by Jackson, those claims must be dismissed *without* prejudice. By contrast, Jackson's federal-law claims against the named Defendants fail on the merits, and no plausible path to repleading those claims against the named Defendants is obvious from the face of the Complaint. Accordingly, it is recommended that the federal-law claims be dismissed *with* prejudice. Finally, Jackson is reminded of the filing restriction that has been placed on him in this District. *See* Civ. No. 17-5483, Doc. No. 162, 8/15/19 Am. Order at 7 ("Plaintiff may not file anything, including but not limited to new lawsuits, or motions and other papers in pending cases, in the District of Minnesota unless he is represented by counsel or obtains prior court approval.").

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. This matter be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) as follows:

    a. All claims grounded in state law be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

    b. All claims grounded in federal law brought against the named Defendants be **DISMISSED WITH PREJUDICE**.

2. The application to proceed *in forma pauperis* of Plaintiff Howard Jackson (Doc. No. 2) be **DENIED**.

Dated: August 15, 2019                           *s/ Becky R. Thorson*
                                                 BECKY R. THORSON
                                                 United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).